UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

———————————————————————-X.     Case No. 2:15cv07396(AKT)

HARVINDER SINGH,

*on behalf of himself and others similarly situated,*

                Plaintiff,

   -against-

A & A MARKET PLAZA, INC. et al.

               Defendants.

———————————————————————-X

**DEFENDANTS MEMORANDUM IN OPPOSITION TO PLAINTIFFS MOTION FOR <u>ATTORNEYS FEES AND COSTS</u>**

LAW OFFICES OF AVISH DHANIRAM

AVISH DHANIRAM

120 W. Albany St.

Herkimer, NY 13350

avish.dhaniram@gmail.com

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 2

THE PROPOSED HOURLY RATE IS NOT REASONABLE ....................................................... 2

THIS COURT SHOULD EXERCISE ITS DISCRETION AND MAKE A
SIGNIFICANT ACROSS THE BOARD REDUCTION IN THE FEES REQUESTED ............... 2

PLAINTIFF'S COUNSEL'S TIMESHEETS ARE REPLETE WITH EXCESSIVE
TIME FOR MINOR TASKS ................................................................................................. 3

CONCLUSION ..................................................................................................................... 4

## **TABLE OF AUTHORITIES**

Anderson v. Sotheby's Inc. Severance Plan
04 Civ. 8180, 2006 WL 2637535 at *l, 2006 U.S. Dist. LEXIS 64535 at *7 (Sept. 11, 2006) ..... 2

Gierlinger v. Gleason
160 F.3d 858, 882 (2d Cir. 1998) ................................................................................................. 2

Louis v. Coughlin
801 F.2d 570, 577 (2d Cir. 1986) ................................................................................................. 2

Luciano v. Olsten Corp.
109F.3d 111, 117(2dCir.1997) ................................................................................................... 3

NY State Ass'n for Retarded Children v. Carey
711 F.2d 1136, 1148 (2d Cir. 1983) ............................................................................................. 2

Puglisi v. Underhill Park Taxpayer Ass'n
954 F.Supp. 811, 817 (S.D.N.Y. 1997) ........................................................................................ 2

Taafe v. Life Ins. Co.
769 F.Supp 2d 530 (S.D.N.Y. February 23, 2011) ...................................................................... 3

Winkler v. Metropolitan Life Ins. Co.
2006 U.S. Dist. LEXIS 56464 (S.D.N.Y. August 10, 2006) ....................................................... 3

This Memorandum of Law is submitted by the defendant in opposition to plaintiff Harvinder Singh's ("Singh") Memorandum of Law in support of his fee application.

## INTRODUCTION

To enable a Court to determine the reasonableness of the hours expended, a party seeking an award of attorney's fees must submit contemporaneous time records indicating the number of hours expended and the nature of the work done. See Louis v. Coughlin, 801 F.2d 570, 577 (2d Cir. 1986); NY State Ass'n for Retarded Children v. Carey, 711 F.2d 113 6, 1148 (2d Cir. 1983); Puglisi v. Underhill Park Taxpayer Ass'n, 954 F.Supp. 811, 817 (S.D.N.Y. 1997). Plaintiffs counsel has complied with this requirement and annexed copies of his timesheets to his declaration. See Declaration of John Troy dated December 17, 2018 ("Troy Declaration").

## THE PROPOSED HOURLY RATE IS NOT REASONABLE

The $450 hourly rate requested by Plaintiffs counsel is not reasonable, and Plaintiff has not introduced evidence to prove that it is reasonable. "In determining a reasonable hourly rate, courts should consider the rate for legal services 'prevailing in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation.'" Anderson v. Sotheby's Inc. Severance Plan, 04 Civ. 8180, 2006 WL 2637535, at *1, 2006 U.S. Dist. LEXIS 64535, at *7 (Sept. 11, 2006) (quoting Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998). Here, Plaintiff has provided no instance of such an award being granted in this jurisdiction which typically sees awards of $375.00 hour rates for highly skilled attorneys.

## THIS COURT SHOULD EXERCISE ITS DISCRETION AND MAKE A SIGNIFICANT ACROSS THE BOARD REDUCTION IN THE FEES REQUESTED

"In determining the number of hours reasonably expended for purposes [of] calculating

the lodestar, the district court should exclude, redundant, or otherwise unnecessary hours." Luciano v. Olsten Corp., 109 F.3d 111, 117 (2d Cir. 1997). "Numerous courts within the Second Circuit have exercised this authority and have reduced fee awards accordingly." Winkler v. Metropolitan Life Ins. Co., 2006 U.S. Dist. Lexis 56464 (S.D.N.Y. August 10, 2006). See also Taafe v.Life Ins. Co.,769 F.Supp 2d 530 ( S.D.N.Y. February 23,2011).

### **PLAINTIFF'S COUNSEL'S TIMESHEETS ARE REPLETE WITH EXCESSIVE TIME FOR MINOR TASKS.**

A review of the timesheets submitted by plaintiff's counsel in support of his application for fees shows that the least amount billed on any item is typically .2. In real time that translates to 12 minutes. Twelve minutes, set within the context of a full day, certainly does not appear to be a long period of time. If one, however, were to glance at a clock and watch the passage of time for 12 minutes, one would come away from that experience with an appreciation for how long a period of time 12 minutes actually is. Plaintiff's counsel's timesheets would have the court believe that on June 27, 2016 he spent 12 minutes to file a proposed scheduling order.

In addition the billing records reflect that plaintiff's counsel spent 3 ½ hours to file the Complaint, Summons and Civil Cover sheet on December 30, 2015. On May 6, 2016 plaintiffs counsel spent 18 minutes reviewing calendar deadlines, which the parties had previously conferred and agreed to. On August 16, 2016 plaintiffs counsel spent 12 minutes to file a motion for a settlement conference.

Such blatantly excessive billing for tasks that were probably conducted in real time of less than a couple minutes is further justification for this Court to reduce the fee application by a significant across-the-board percentage.

## CONCLUSION

For the reasons given above, defendants respectfully requests that this court deny plaintiffs counsel's applications that the court use an hourly rate of $450 in calculating the amount of legal fees by attorney Troy, and reduce the amount of hours submitted by a significant across the board percentage.

Dated: New York, New York
       January 4, 2019

                                              Respectfully submitted,

                                              /s/Avish Dhaniram

                                              _____

                                              Avish Dhaniram (AD3978)
                                              **LAW OFFICES OF AVISH DHANIRAM**
                                              Attorney for Defendants
                                              120 W. Albany St.
                                              Herkimer, NY 13350
                                              315-717-4260

TO:  TROY LAW, PLLC
      Attorney for Plaintiff
      41-25 Kissena Blvd., # 119
      Flushing, NY 11355