**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

HARVINDER SINGH,

                        Plaintiff,

                  -against-

A & A MARKET PLAZA, INC., BEST MARKET
& DELI, INC., MUSKAN GROCERIES INC., 87TH
ROAD MINI MARKET, INC., MUSKAN MANIANI,
INC. d/b/a Hillside Pizza and Grill; PALWINDERJIT
SINGH a/k/a PAUL SINGH, NARINDERJIT KAUR,
RAJINDERJIT SINGH, KAMALJIT KAUR a/k/a
KAMALJEET KAUR and MANJINDER KAUR
                             Defendants.
-------------------------------------------------------------------X

                            **MEMORANDUM**
                              **AND ORDER**

                            CV 15-7396 (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**     **PRELIMINARY STATEMENT**

        Plaintiff Harvinder Singh ("Plaintiff") brought this wage and hour action on behalf of

himself and others similarly situated against his former employers, Defendants A & A Market

Plaza, Inc., Best Market & Deli, Inc., Muskan Groceries Inc., 87th Road Mini Market, Inc.,

Muskan Maniani, Inc. d/b/a Hillside Pizza and Grill, Palwinderjit Singh a/k/a Paul Singh,

Narinderjit Kaur, Raginderjit Singh, Kamaljit Kaur a/k/a Kamaljeet Kaur, and Manjinder Kaur

(collectively, "Defendants").  According to Plaintiff, Defendants violated the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq,.* and New York Labor Law ("NYLL") by

failing to pay minimum and overtime wages and failing to provide wage notices and statements.

*See generally* Amended Complaint ("Am. Compl.") [DE 6].  After settlement negotiations broke

down, the case proceeded to trial on October 29, 2018.  *See* September 7, 2018 Civil Conference

Minute Order [DE 71] (noting the parties' failure to consummate settlement and setting the case

down for trial on October 29, 2019); *see also* October 29, 2019 Civil Conference Minute Order [DE 86]. The jury returned a verdict in favor of Plaintiff on November 1, 2018 and awarded Plaintiff $109,513.72 in total damages. *See* Court Exhibit 3 (Jury Verdict Sheet) [DE 93]. Presently before the Court is Plaintiff's post-trial motion for attorney's fees and liquidated damages. For the reasons which follow, the Court awards Plaintiff $90,377.03 in liquidated damages as well as attorney's fees and costs as set forth in this Memorandum and Order.

### A.      Relevant Background

Plaintiff commenced this FLSA action on December 30, 2015 on behalf of himself and all others similarly situated. S*ee generally* Complaint [DE 1]. Plaintiff amended his pleadings as of right and filed the Amended Complaint -- the operative pleading here -- on January 31, 2015. *See generally* Am. Compl. In the Amended Complaint, Plaintiff alleged that he worked for Defendants at their various grocery and deli markets from on or about: (1) September 1, 2010 to August 31, 2011; (2) October 1, 2011 to September 30, 2014; and (3) October 1, 2014 to June 30, 2015. *See id.* ¶¶ 8-10. During that time, Plaintiff claims that Defendants willfully and intentionally committed widespread violations of the FLSA and NYLL by failing to pay employees -- including Plaintiff -- minimum wages, spread-of-hours pay, and overtime compensation for hours worked in excess of 40 hours per workweek. *See id.* ¶¶ 2-3. The Amended Complaint also asserts that Defendants refused to record all employee hours worked. *Id.* For these violations, Plaintiff sought, among other things, an award of unpaid minimum and overtime wages due Plaintiff and the collective action members; compensatory and liquidated damages; up to $5,000 per Plaintiff for the failure to provide a time of hire wage notice; and up to $5,000 per Plaintiff for the failure to provide accurate paystubs. *See id.*, "Wherefore Clause." Plaintiff also sought reimbursement for costs and expenses as well as attorney's fees. *Id.*

On May 4, 2016, the parties filed a Consent to the jurisdiction of a magistrate judge for all purposes, including trial. *See* Consent [DE 22]. Judge Feuerstein "so ordered" the Consent the next day in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. *See* DE 23. The Court conducted an Initial Conference with the parties on July 1, 2016 and implemented a Case Management and Scheduling Order. *See* July 1, 2016 Civil Conference Minute Order [DE 32]. The parties thereafter engaged in discovery and motion practice.

On January 25, 2017, the parties appeared before this Court for a hearing concerning Defendants' production of documents. *See* January 25, 2017 Civil Conference Minute Order [DE 51]. At the hearing, the parties advised that they had resolved the issues with Defendants' production and were closer to a settlement. *See id.* During the March 23, 2017 Status Conference, the parties reiterated that they were close to a settlement and asked for a short period of additional time to finalize a resolution.[1] *See* March 23, 2017 Civil Conference Minute Order [DE 56].

On May 3, 2017, observing that the parties had failed to file a settlement agreement by April 24, 2017, the Court ordered that "[t]he amended schedule contained within [the Court's March 23, 2017 Civil Conference] Minute Order is [] in place." May 3, 2017 Electronic Order. Subsequently, the parties filed a joint letter on August 10, 2017, advising that they had reached a settlement in principle and requesting until August 31, 2017 to submit the settlement agreement

---

[1] At the March 23, 2017 Status Conference, the Court directed that "[i]f the agreement is not filed by April 24, 2017, the parties are required to comply with the [] Amended Case Management and Scheduling Order," setting the following deadlines: (1) May 25, 2017 for a fully briefed motion for collective action certification on ECF; (2) June 30, 2017 for fact discovery, including depositions; and (3) September 28, 2017 for fully briefed summary judgment motions. *See* March 23, 2017 Civil Conference Minute Order [DE 56]. The Court further directed Plaintiff to notify the Court in writing by May 11, 2017 if Plaintiff decided not to proceed with a motion for collective action certification. *Id.*

and related documents for approval.  *See* Joint Letter [DE 57].  The Court advised that it would await submission of the parties' agreement.  *See* August 11, 2017 Electronic Order.

Following significant delay in submitting the agreement, the Court held a Status Conference on November 6, 2017.  *See* November 28, 2017 Civil Conference Minute Order [DE 60].  During the Status Conference, the Court noted that "this case is no longer amenable to settlement."  *Id*.  Although the discovery deadlines had long elapsed, the Court set a deadline to complete depositions and directed the parties to submit a draft Notice of Pendency no later than December 5, 2017.  *Id.*  On December 6, 2017, following the parties' failure to comply with the Court's deadline to submit the draft, the Court Ordered counsel to "show cause in writing by the close of business tomorrow, December 7, 2017, why this case should not proceed as [a] single Plaintiff FLSA action."  December 6, 2017 Electronic Order To Show Cause.  The Court cautioned that "any failure to comply . . . will be deemed a waiver of the right to proceed as a collective action."  *Id.*  Plaintiff timely responded to the Court's Order on December 7, 2017, arguing that the case should not proceed as a single-Plaintiff action and attaching a draft Notice of Pendency.  *See* Response to Order to Show Cause [DE 61].

On August 15, 2018, following (1) several motions for an extension of the deposition deadline set by the Court on November 6, 2017 and (2) changes to the draft Notice of Pendency, Plaintiff requested an in-person conference for "all parties to sign and finalize the settlement agreement."  Plaintiff's Status Report [DE 69].  In response, the Court scheduled and conducted a Status Conference on September 7, 2018.  *See* August 16, 2018 Electronic Scheduling Order; September 7, 2018 Civil Conference Minute Order [DE 71].  At the Status Conference, the Court noted that "[t]he individual Defendants are apparently unable to come to an agreement among

4

themselves as to the terms of payment, among other things." September 7, 2018 Civil Conference Minute Order. As a result, the case was set down for trial on October 29, 2018. *Id.*

Trial began on October 29, 2018 and the jury returned a verdict in favor of Plaintiff on November 1, 2018. *See* Court Exhibit 3 (Jury Verdict Sheet). The jury awarded damages in the sum of $109,513.72, comprised of: (1) $18,104.32 for unpaid overtime wages accrued between September 1, 2010 and August 31, 2011 as against Defendants A&A Market Plaza, Inc. and Narinderjit Kaur; (2) $70,722.40 for unpaid overtime wages accrued between October 1, 2011 and June 30, 2015 as against Defendants Muskan Groceries, Inc., Muskan Maniani, Inc. d/b/a Hillside Pizza and Grill, Rajinderjit Singh, and Kamaljit Kaur a/k/a Kamaljeet Kaur; (3) $2,262.00 for unpaid spread-of hours wages accrued between September 1, 2010 and August 31, 2011 as against Defendants A&A Market Plaza, Inc. and Narinderjit Kaur; (4) $8,425.00 for unpaid spread-of-hours wages accrued between October 1, 2011 and June 30, 2015 as against Defendants Muskan Groceries, Inc., Muskan Maniani, Inc. d/b/a Hillside Pizza and Grill, Rajinderjit Singh, and Kamaljit Kaur a/k/a Kamaljeet Kaur; (5) $5,000 for failure to provide a time of hire wage notice as against Defendants A&A Market Plaza, Inc., Muskan Groceries, Inc., Muskan Maniani, Inc. d/b/a Hillside Pizza and Grill, Narinderjit Kaur, and Rajinderjit Singh; and (6) $5,000 for failure to provide adequate paystubs as against Defendants A&A Market Plaza, Inc., Muskan Groceries, Inc., Muskan Maniani, Inc. d/b/a Hillside Pizza and Grill, Narinderjit Kaur, Rajinderjit Singh, and Kamaljit Kaur a/k/a Kamaljeet Kaur. *Id.* In relation to the Court's ultimate responsibility to determine liquidated damages, the jury also found that Defendants A&A Market Plaza, Inc., Muskan Groceries, Inc., Muskan Maniani, Inc., Narinderjit Kaur, Rajinderjit Singh, and Kamaljit Kaur knew or showed reckless disregard for the applicable

minimum wage, overtime, and spread-of-hours requirements under the FLSA and NYLL. *Id.* at 4.

After the jury delivered its verdict, the Court ordered the parties to confer and submit a joint letter by November 9, 2019 setting forth their respective positions on the proper amount of liquidated damages. *See* November 1, 2018 Minute Entry [DE 89]. The Court also directed Plaintiff's counsel to submit his application for attorney's fees by December 2, 2018 and gave Defendants until December 21, 2018 to file any opposition. *Id.*

### B. Liquidated Damages

On November 9, 2018, Plaintiff submitted his computation of liquidated damages, noting that, "despite two attempts to engage Defense counsel via email, [he] never received any response." *See* Letter Regarding Computation of Liquidated Damages ("Pl.'s Letter I") [DE 94]. In response, the Court issued an Order stating that "counsel for **both** parties were directed to confer and to submit a joint letter . . . [and that] Defendants' counsel has failed to comply with the Court's Order." DE 95. The Court directed Defendants' counsel to respond by November 20, 2018 and cautioned that any failure to comply would result in, among other things, "a waiver of Defendants' right to have any input into the calculation of [] damages." *Id.* On November 19, 2018, Plaintiff's counsel filed a second letter concerning the computation of liquidated damages, stating that he had "received two emails from Defense counsel [in which Defense counsel] consent[ed] to the computation of liquidated damages previously filed as Dkt. No 94[] and ask[ed] [Plaintiff's counsel] to refile the submission unaltered as a joint submission." Joint Letter Regarding Computation of Liquidated Damages ("Pl.s' Letter II") [DE 96]. In response, the Court directed Defendants' counsel "to submit a letter to the Court by close of business [] November 21, 2018, stating specifically whether he or his clients have any

objections to the computation submitted by Plaintiff's counsel." November 20, 2018 Electronic Order. After Defendants' counsel again failed to timely respond to the Court's Order, the Court issued yet another Order stating, "[u]nless the Court receives a response from [Defendants' counsel] by December 12, 2018, the Court will impose a monetary sanction beginning December 12, 2018 and running each day thereafter for as long as his continued failure persists." DE 98.

Defendants' counsel finally filed a letter on December 11, 2018, apologizing for failing to comply with the Court's December 7, 2018 Order and consenting to the computation of liquidated damages set forth in the filings of Plaintiff's counsel.[2] *See* Defendants' December 11, 2018 Letter Regarding Computation of Liquidated Damages ("Defs.' 12/11/2018 Letter") [DE 99].

### 1.    *Plaintiff's Calculations*

Plaintiff asserts that he is entitled to liquidated damages because: (1) the NYLL "provides for an award of automatic liquidated damages unless the employer provides a good faith basis for believing that its underpayment of wages was in compliance with the law," and (2) the jury found that all Defendants except 87th Road Mini Market, Inc., Palwinderjut Singh a/k/a Paul Sing, and Manjinder Kaur "knew or showed reckless disregard for the Fair Labor Standards Act's and New York Labor Law's minimum wage, overtime, and spread-of-hours requirements." Pl.'s Letter I at 1 (internal quotation marks and citation omitted). According to Plaintiff, under applicable law, he is entitled to liquidated damages in the amount of 25% of the back wages

---

[2]    The Court points out that Defendant's December 11, 2018 letter is dated December 10, 2018. The Court also notes that on December 12, 2018, Defendants' counsel filed a second letter apologizing for not previously responding to the Court's November Orders. *See* Defendants' December 12, 2018 ("Defs.' 12/12/2018 Letter") [DE 100].

found for the time period up to April 9, 2011 and 100% of back wages found for the time period beginning on April 9, 2011 and going forward. *Id.*

Plaintiff points out that "the jury awarded unpaid overtime and spread-of-hours damages for two periods: $18,104.32 in unpaid overtime and $2,262.00 in unpaid spread-of-hours pay from September 1, 2010 through August 31, 2011; and $70,792.40 in unpaid overtime and $8,425.00 in unpaid spread-of-hours pay from October 1, 2011 through June 30, 2015." Plaintiff notes that the second period, from October 1, 2011 through June 30, 2015, falls entirely after April 1, 2011. *Id.* As such, Plaintiff asserts that liquidated damages for the second period are 100% of the unpaid overtime and spread-of-hours pay found for that period: $70,792.40 +$8,425.00 = $79,217.40. *Id.*

With respect to the first period, September 1, 2010 through August 31, 2011, Plaintiff points out that the period straddles April 9, 2011. *Id.* Therefore, Plaintiff calculates liquidated damages for the first period as follows:

1. Take the total overtime damages for the period September 1, 2010 through August 31, 2011 ($18,104.32);

2. Multiply that number by the number of days in the period from September 1, 2010 through April 8, 2011 ($18,104.32 * 220 = $3,982,950.40);

3. Divide that number by the number of days in the period from September 1, 2010 through August 31, 2011 to find the overtime damages in the period September 1, 2010 through April 8, 2011 ($3,982,950.40 / 365 = $10,912.19);

4. Repeat Steps 1–3, with respect to the total spread-of-hours damages for the period September 1, 2010 through August 31, 2011 to find the spread-of-hours damages in the period September 1, 2010 through April 8, 2011 ($2,262.00 * 220 / 365 = $1,363.40);

5. Add the amounts found in Steps 3 and 4 to find the total wages found to be due for the period September 1, 2010 through April 8, 2011 ($10,912.19 + $1,363.40 = $12,275.59);

6. Multiply the amount found in Step 5 by .25 to find the liquidated damages due for the period September 1, 2010 through April 8, 2011 ($12,275.59 * .25 = $3,068.90);

7. Repeat Steps 1–5, using the number of days in the period April 9, 2011 through August 31, 2011 in place of the number of days in the period September 1, 2010 through April 8, 2011 where appropriate, to find the total wages found to be due for the period April 1, 2011 through August 31, 2011 ($18,104.32 * 145 / 365 = $7,192.13; ($2,262.00 * 145 / 365 = $898.60; $7,192.13 + $898.60 = $8,090.73);

8. The amount found in Step 7 is also the amount of liquidated damages due for the period April 9, 2011 through August 31, 2011 ($8,090.73);

9. Add the amounts found in Steps 6 and 8 to find the total liquidated damages due for the period September 1, 2010 through August 31, 2011 ($3,068.90 + $8,090.73 = **$11,159.63**).

*Id.* at 2. Based on this analysis, Plaintiff maintains that he is entitled to $90,327.03 in liquidated damages, comprised of $11,159.63 for September 1, 2010 through August 31, 2011 and $79,217.40 for October 1, 2011 through June 30, 2015. *Id.* Plaintiff summarizes his alleged total liquidated damages in the following table:

| Period | | NYLL Overtime Awarded by Jury | NYLL Spread of Hours Awarded by Jury | Subtotal (NYLL Overtime + NYLL Spread of Hours) | Liquidated Damages (Subtotal*0.25 before April 9, 2011; Subtotal*1.00 thereafter) | Penalty for Time of Hire Notice Awarded by Jury | Penalty for Paystubs Awarded by Jury | TOTAL DAMAGES | Parties Liable |
|---|---|---|---|---|---|---|---|---|---|
| 2010-09-01 | 2011-04-08 | $ 10,912.19 | $ 1,363.40 | $ 12,275.59 | $ 3,068.90 | | | $ 15,344.49 | A & A Market Plaza, Inc.; Narinderjit Kaur |
| 2011-04-09 | 2011-08-31 | $ 7,192.13 | $ 898.60 | $ 8,090.73 | $ 8,090.73 | | | $ 16,181.46 | A & A Market Plaza, Inc.; Narinderjit Kaur |
| 2010-09-01 | 2011-08-31 | $ 18,104.32 | $ 2,262.00 | $ 20,366.32 | $ 11,159.63 | | | $ 31,525.95 | A & A Market Plaza, Inc.; Narinderjit Kaur |
| | | | | | | $ 5,000.00 | $ 5,000.00 | $ 10,000.00 | A & A Market Plaza, Inc.; Muskan Maniani, Inc.; Narinderjit Kaur; Rajinderjit Singh; Kamaljit Kaur |
| 2011-10-01 | 2015-06-30 | $ 70,792.40 | $ 8,425.00 | $ 79,217.40 | $ 79,217.40 | | | $ 158,434.80 | Muskan Groceries, Inc.; Muskan Maniani, Inc.; Rajinderjit Singh; Kamaljit Kaur |
| | | | | $ 99,583.72 | $ 90,377.03 | $ 5,000.00 | $ 5,000.00 | $ 199,960.75 | |

### 2.      *Defendants' Calculations*

Defendants agree with the computation of liquidated damages submitted by Plaintiff.  *See* Defs.' 12/12/2018 Letter.  According to Defendants, "the liquidated damages for the periods April 9, 2011 through August 31, 2011 and October 31, 2011 through June 30, 2015 are simply 100% of the overtime and spread[-]of[-]hours damages for those respective periods."  *Id*. at 2.  As to liquidated damages for the period running from September 1, 2010 through August 31, 2011, using the same calculations set forth by Plaintiffs, Defendants have taken the overtime and spread-of-hours damages for that period, added them together, and multiplied the resulting number by .25 to obtain the applicable liquidated damages.  *Id.*  Accordingly, Defendants agree that the total amount of liquidated damages due Plaintiff is $90,377.03, comprised of (1) $11,159.63 for the period running from September 1, 2010 to August 31, 2011, and (2) $70,792.40 for the period running from October 1, 2011 through June 30, 2015.  *Id.* at 1-2.

### 3.      *Applicable Law*

Under the FLSA, a Plaintiff is entitled to liquidated damages of 100% of unpaid overtime compensation.  29 U.S.C. § 216(b); *see, e.g.*, *Alvarez v. 215 N. Ave. Corp.*, 13 Civ. 7049, 2015 WL 3855285 at *1 (S.D.N.Y. June 19, 2015); *Marfak v. Peretta*, 10 Civ. 7785, 2011 WL 1758625 at *1 (S.D.N.Y. May 6, 2011) ("The FLSA imposes the obligation to pay unpaid overtime compensation and 'an additional equal amount as liquidated damages' on employers who violate its requirement that overtime wages be paid." (quoting 29 U.S.C. § 216(b))).  On December 10, 2010, the New York Legislature amended NYLL §§ 198(1–a) and 663(1) to incorporate the federal standard, increasing the amount of available liquidated damages from 25% to 100%, effective April 11, 2011.  2010 N.Y. Sess. Laws ch. 564 §§ 1, 3; N.Y. Labor Law §§ 198(1–a), 663(1).  "In the absence of clear legislative intent, courts in this district have

declined to apply the 2011 amendment retroactively." *Andrade v. 168 First Ave Rest. Ltd.*, No. 14 CIV 8268J, 2016 WL 3141567, at *6 (S.D.N.Y. June 3, 2016), *report and recommendation adopted*, No. 14-CV-8268 (JPO), 2016 WL 3948101 (S.D.N.Y. July 19, 2016). Significantly, as the Second Circuit recently resolved, cumulative liquidated damages may not be awarded for the same course of conduct under both the FLSA and the NYLL. *Rana v. Islam*, 887 F.3d 118, 122-23 (2d Cir. 2018).

### 4. *Post-Verdict Application*

Here, the jury found that Defendants A&A Market Plaza, Inc., Muskan Groceries, Inc., Muskan Maniani, Inc., Narinderjit Kaur, Rajinderjit Singh, and Kamaljit Kaur knew or showed reckless disregard for the minimum wage, overtime, and spread-of-hours requirements under the FLSA and NYLL. As a result, Defendants failed to provide a good faith basis for believing that their underpayment of wages was in compliance with the law. Therefore, an award of liquidated damages is appropriate. The Court notes that (1) Plaintiff does not seek liquidated damages under the FLSA and (2) both parties' liquidated damages calculus concerns liquidated damages only under the NYLL. Both parties correctly recognize the applicable measure of liquidated damages under the NYLL, namely, 25% of unpaid overtime and spread-of-hours wages accruing before April 9, 2011 and 100% accruing from April 9, 2011 forward. The Court has carefully reviewed and accepts the parties' liquidated damages calculations. Consequently, the Court awards liquidated damages in the sum of $90,377.03, comprised of $11,159.63 for the period running from September 1, 2010 to August 31, 2011 and $70,792.40 for the period running from October 1, 2011 through June 30, 2015.

## C.      Attorneys' Fees and Costs

Plaintiff seeks $88,995.00 in attorneys' fees for work performed by attorneys at Troy

Law PLLC (the "Troy Firm") and $3,693.54 in costs for a total of $92,688.54.  *See* Declaration

of John Troy in Support of Motion for Attorneys' Fees and Costs ("Troy Decl.") [DE 102].  With

respect to the attorneys of the Troy Firm who worked on this case, Plaintiff seeks:  (1) $43,920

for 97.60 hours worked by John Troy at an hourly rate of $450; (2) $16,025.00 for 64.10 hours

worked by George Byun at an hourly rate of $250.00; and (3) $29,050.00 for 116.20 hours

worked by Aaron Schweitzer at an hourly rate of $250.00.  *Id.* at 14.  Plaintiff's application for

costs consists of the $400 filing fee associated with the instant action, $1,160.00 for a Punjabi

interpreter utilized during trial, deposition transcript fees, as well as miscellaneous travel and

postage costs.  *See* Troy Decl.*,* Ex. 1 (Billing Invoice) [DE 102-1] at 13-14.

Defendants oppose Plaintiff's application for attorneys' fees, arguing chiefly that:

(1) Plaintiff's requested hourly rate of $450 per hour for attorney John Troy is unreasonable and

(2) the timesheets of Plaintiff's counsel are replete with excessive time for minor tasks.  *See*

*generally* Defs.' Opp'n.

### 1.      Whether Attorneys' Fees and Costs are Authorized

"Both the FLSA and NYLL provide for prevailing Plaintiffs to be awarded attorney[s']

fees and costs for actions to recover unpaid wages."  *Hernandez v. Jrpac*, 14 CIV. 4176, 2016

WL 3248493, at *36  (S.D.N.Y. June 9, 2016) (citing 29 U.S.C. § 216(b); N.Y. Lab. Law

§ 663(1)).  However, the party seeking reimbursement of attorneys' fees bears the burden of

proving the reasonableness of the rate charged and necessity of the hours spent.  *Fermin v. Las*

*Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 51 (E.D.N.Y. 2015) (citing *N.Y. State Ass'n for*

*Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).  It is also well settled that

requests for attorneys' fees in this Circuit must be accompanied by contemporaneous time and billing records specifying, for each attorney, the date, the hours expended, and the nature of the work performed. *See N.Y. State Ass'n*, 711 F.2d at 1148.

Here, since the jury found in Plaintiff's favor on both the FLSA and NYLL causes of action, Plaintiff is the prevailing party entitled to an award of attorney's fees and costs. Plaintiff retained the services of the Troy Firm to pursue his FLSA and NYLL claims in the instant case. The Troy Firm submitted contemporaneous time, billing, and expense records prepared by John Troy, Esq., the principal of the firm who handled this matter on behalf of Plaintiff, along with Firm associates George Byun and Aaron Schweitzer. *See* Troy Decl. ¶¶ 4, 14, 22 and Ex. 1. The records identify the dates, hours expended, and the nature of all work performed by John Troy, George Byun, and Aaron Schweitzer in connection with this action. *See id.*, Ex. 1. Therefore, Plaintiff's submissions are sufficient to support an award of attorney's fees and costs.

### 2. Whether the Attorney's Fees are Reasonable

Both the Second Circuit and the Supreme Court "have held that the lodestar method — the product of a reasonable hourly rate and the reasonable number of hours required by the case — creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,* 522 F.3d 182, 183 (2d Cir. 2007)). The Court should determine the "presumptively reasonable fee" by looking to "what a reasonable client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 183-84 (2d Cir. 2008). "[W]hether the calculation is referred to as the lodestar or the presumptively reasonable fee, courts will take into account case-specific factors to help determine the reasonableness of the hourly rates and the number of hours expended." *Pinzon v.*

*Paul Lent Mech. Sys.,* No. 11–CV–3384, 2012 WL 4174725, at *5 (E.D.N.Y. Aug. 21, 2012),

*report and recommendation adopted by* 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012).  These

factors include:

> [T]he complexity and difficulty of the case, the available expertise
> and capacity of the client's other counsel (if any), the resources
> required to prosecute the case effectively (taking account of the
> resources being marshaled on the other side but not endorsing
> scorched earth tactics), the timing demands of the case, whether an
> attorney might have an interest (independent of that of his client) in
> achieving the ends of the litigation or might initiate the
> representation himself, whether an attorney might have initially
> acted *pro bono* (such that a client might be aware that the attorney
> expected low or non-existent remuneration), and other returns (such
> as reputation, etc.) that an attorney might expect from the
> representation.

*Arbor Hill,* 522 F.3d at 184.

### a. Hourly Rates Requested

To determine reasonable hourly rates, the Court considers this Circuit's adherence

to the forum rule, which states that a district court should generally use the prevailing hourly

rates in the district where it sits. *See Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 175-76

(2d. Cir. 2009); *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983); *see also*

*Joseph v. HDMJ Restaurant, Inc.*, No. 09 Civ. 240, 2013 WL 4811225, at *19 (E.D.N.Y. Sept. 9,

2013) (internal citations omitted); *Pinzon*, 2012 WL 4174725, at *5.  Prevailing rates for

experienced attorneys in the Eastern District of New York range from approximately $300 to

$400 per hour.  *See Incredible Foods Grp., LLC v. Unifoods, S.A. De C.V.*, No. 14-CV-5207,

2016 WL 4179943, at *3 (E.D.N.Y. Aug. 5, 2016); *Valdez v. H & S Rest. Operations, Inc.*, No.

14 CV 4701, 2016 WL 3079028, at *8 (E.D.N.Y. Mar. 29, 2016), *report and recommendation*

*adopted*, 2016 WL 3087053 (E.D.N.Y. May 27, 2016); *OneWest Bank, N.A. v. Denham* No. CV 14-5529, 2015 WL 5562980, at *12 (E.D.N.Y. Aug. 31, 2015), *adopted by* 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015); *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation Pension & Welfare Funds v. L&P Interiors, Inc.*, No. CV 14-3316, 2015 WL 5562316, at *13 (E.D.N.Y. Aug. 14, 2015) *adopted by* 2015 WL 5562340 (E.D.N.Y. Sept. 18, 2015); *Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*, No. 09 Civ. 5251, 2014 WL 1514235, at *14 (E.D.N.Y. Apr. 16, 2014) (collecting cases).

"Some judges 'have recognized slightly higher ranges in this district of $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates." *Safeco Ins. Co. of Am. v. M.E.S., Inc.,* 09-CV-3312, 2018 WL 2766139, at *7 (E.D.N.Y. June 8, 2018) (internal quotation marks omitted) (quoting *Small v. New York City Transit Auth.*, No. 09 Civ. 2139, 2014 WL 1236619, at *5 (E.D.N.Y. Mar. 25, 2014)) (internal quotations omitted); *see Hormel Foods Sales, LLC v. Ship Side Food Serv., Inc.,* 16-CV-1595, 2018 WL 3202076, at *2 (E.D.N.Y. Mar. 23, 2018); *Nicaisse v. Stephens & Michaels Associates, Inc.*, No. CV 14-1570, 2016 WL 4367222, at *4 (E.D.N.Y. June 9, 2016), *report and recommendation adopted*, No. 14-CV-1570, 2016 WL 4275687 (E.D.N.Y. Aug. 12, 2016); *Brinkmeier v. Round Two Recovery, LLC*, No. CV 153693, 2016 WL 4384330, at *9 (E.D.N.Y. July 25, 2016), *report and recommendation adopted*, No. 15-CV-3693, 2016 WL 4384723 (E.D.N.Y. Aug. 16, 2016).

Although the Second Circuit has not recently revisited the issue of what constitutes a reasonable fee within this district since its discussion in *Konits v. Karahalis*, 409 F. App'x 418, 422–23 (2d Cir. 2011) (summary order) -- which affirmed a district court decision holding that the prevailing rates for experienced attorneys in the Eastern District of New York range from

approximately $300 to $400 per hour -- a number of district courts within this district continue to rely, in part, on *Konits* in determining the appropriate range of fees. *See Morales v. B&M Gen. Renovation Inc.*, No. 14 CV 7290M, 2016 WL 1266624, at *11 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted*, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016) (relying, in part, on *Konits* and finding that "the prevailing hourly rate for partners in this district is between $300 and $400); *Incredible Foods Grp., LLC*, 2016 WL 4179943, at *3 (same); *Valdez*, 2016 WL 3079028, at *8 (same); *Litkofsky v. P & L Acquisitions, LLC*, No. CV 15 5429, 2016 WL 7167955, at *9 (E.D.N.Y. Aug. 19, 2016), *report and recommendation adopted sub nom. Ira Litkofsky v. P & L Acquisitions LLS*, No. CV 15-5429, 2016 WL 7168069 (E.D.N.Y. Dec. 8, 2016) (same); *Gesualdi v. Paladin Constr. Corp.*, No. CV 14-7291, 2016 WL 943589, at *11 (E.D.N.Y. Feb. 18, 2016), *report and recommendation adopted*, 2016 WL 953261 (E.D.N.Y. Mar. 11, 2016) (same); *Brinkmeier v. Round Two Recovery, LLC*, No. CV15 3693, 2016 WL 4384330, at *9 (E.D.N.Y. July 25, 2016), *report and recommendation adopted*, 2016 WL 4384723 (E.D.N.Y. Aug. 16, 2016).

Here, Plaintiff seeks a rate of $450 per hour for work performed by Partner/Principal John Troy and $250 an hour each for work performed by Associate Attorneys George Byun and Aaron Schweizer. Attorney Troy earned an LLM from the Dickinson School of Law in 1985 and was admitted to the New York State Bar in 1989. *See* Troy Decl. ¶ 14. He has been practicing law for almost 30 years and, since founding the Troy Firm, he states that he has continuously represented individuals in wage and hour actions before state courts in New York and federal courts throughout the country, including in the Southern and Eastern Districts of New York. *Id*. ¶¶ 15-18. He has provided multiple pages of single-spaced CV numbers and case names for cases he has litigated in both the Eastern and Southern Districts of New York as well

as some other federal districts. According to Attorney Troy, he has written extensively on FLSA

and NYLL wage and hour matters and has been published in *China Times*, the fourth largest

Taiwanese newspaper in circulation, *Sing Tao Daily*, Hong Kong's second largest newspaper,

and *World Journal*, the largest Chinese language newspaper in the United States. *Id.* ¶ 19.

Attorney Troy states that he has previously been awarded $400.00 per hour in fees.[3] The Court

points out that Attorney Troy made several appearances during the course of discovery in this

case; however, Associate Attorney Byun represented the Plaintiff at the evidentiary hearing

conducted in January 2017 and the actual trial of this case was conducted by junior associate

Aaron Schweitzer. Attorney Troy did not attend the trial.

Attorney Byun was the "managing associate" at the Troy Firm at some point in time. *Id.*

¶ 23. The Court has no familiarity with the title "managing associate," nor does Attorney Troy

provide any explanation of the term or the responsibilities which accompany that job title. Byun

graduated from Benjamin N. Cardozo School of Law in 2015, was admitted to the New York

State Bar in 2015, and therefore had approximately one year of experience when he filed his

Notice of Appearance in this case on June 30, 2016. According to Attorney Troy, this

experience included litigating wage and hour actions in federal court, although the extent of that

experience -- other than stating the number of cases in which Mr. Byun had been involved -- is

not fully developed in the fee application. *Id.* Byun had limited experience and involvement in

---

[3]     Although he has cited *Singh et al. v. Dany Restoration Inc. et al.*, 1:17-cv-3787, as a
case in which he was previously awarded $400.00 per hour, Attorney Troy failed to provide the
appropriate citation indicating the district court in which the case was litigated. However,
through its own research, the Court has discovered that *Singh et al. v. Dany Restoration Inc. et
al.*, a 2018 case was pending in the Southern District of New York where attorney's hourly rates
are higher than the Eastern District. *See Singh et al. v. Dany Restoration Inc. et al.*, 1:17-cv-
3787 (S.D.N.Y.) at DE 83. Of note, Judge Furman denied Attorney Troy the $450 fee which he
sought in that case. *Id.* at DE 79.

this case. It appears that Attorney Byun left the firm in February 2018 -- months before the trial.

Attorney Aaron Schweitzer is the current "managing associate" at Troy Law. *Id.* ¶ 24. He graduated from Fordham University School of Law in 2016 with a concentration in employment law. *Id.* He was admitted to the New Jersey State Bar in 2017 and the New York State Bar in 2018. *Id.* At the time this case was tried in late October 2018, Attorney Schweitzer presumptively had been practicing law for no more than a year. According to Attorney Troy, Mr. Schweitzer has litigated wage and hour actions since joining the practice. The Court notes that Attorney Schweitzer tried the instant case on his own, with no other attorneys from the Troy Firm present, and he obtained a verdict in favor of his client. *Id.*

Aside from the attorneys' respective experiences, the Court must "take into account case-specific factors to help determine the reasonableness of the hourly rate[ ]." *Pinzon*, 2012 WL 4174725, at *5. In considering the *Arbor Hill* and *Johnson* factors identified above, the Court finds that the subject matter and legal questions involved in the instant action were straightforward, non-complex issues one would anticipate in an FLSA/NYLL litigation. The parties did not pursue dispositive motion practice, nor did Plaintiff ultimately pursue the matter as a collective action. Indeed, the matter was tried on behalf of a single Plaintiff and lasted only a few days. Accordingly, Plaintiff was not forced to expend undue resources during the litigation.

The billing rates requested for all three timekeepers in this case exceed the rates generally awarded in this District. Based on the respective experience of each attorney and the particular circumstances of the instant action -- and consistent with other decisions in this District dealing with hourly rates for this same law firm -- the Court finds the following hourly rates to be reasonable: $375 for Partner/Principal Attorney John Troy, $160 for junior associate Attorney

George Byun, and $150 for junior associate Attorney Aaron Schweitzer. *See, e.g.*, *Ye Hong v. 7 Express Rest. Corp., No*. 17-CV-2174, 2019 WL 2261091, at *8 (E.D.N.Y. Mar. 14, 2019), *report and recommendation adopted as modified*, No. 17-CV-2174, 2019 WL 1429584 (E.D.N.Y. Mar. 29, 2019) (finding Plaintiff's requests for an hourly rate of $450 for John Troy, $250 for George Byun, and $150 for Aaron Schweitzer to be unreasonable and instead awarding Attorney Troy $375 per hour, Attorney Byun $150 per hour, and Attorney Schweitzer $100 per hour in connection with work performed in wage and hour action); *Zhong Fa Qin v. Sensation Neo Shanghai Cuisine, Inc.*, No. 15-CV-6399, 2018 WL 5456653, at *9 (E.D.N.Y. Aug. 9, 2018), *report and recommendation adopted*, No. 15-CV-6399, 2018 WL 4853041 (E.D.N.Y. Oct. 4, 2018) (reducing hourly rates for associates George Byun and Aaron Schweitzer in 2018 to $150 and $100 per hour, respectively). You will you

### b. Reasonableness of Hours Expended

To determine whether the number of hours spent by Plaintiff's counsel was reasonable, the Court must "use [its] experience with the case, as well as [its] experience with the practice of law . . . ." *Fox Indus., Inc. v. Gurovich,* No. CV 03–5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank,* 960 F.2d 1146, 1153 (2d Cir.1992)). A court should "exclude hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation . . . ." *Cho v. Koam Medical Servs. P.C.,* 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Here, Plaintiff submits that: (1) Attorney Troy spent a total of 97.1 hours litigating this case, including time spent drafting the pleadings in this action, participating in discovery, and engaging opposing counsel in settlement discussions, including a settlement conference held before the Court on September 19, 2016, *See* Settlement Conference Civil Conference Minute

19

Order [DE 34]; (2) Attorney Byun spent 64.10 hours, including time spent engaging in discovery, and conferring with opposing counsel regarding settlement; and (3) Attorney Schweitzer spent 116.20 hours in connection with this matter, including trying the case before a jury and drafting the instant motion. *See generally* Troy Decl., Ex. 1.

The Court points out that Defendants' counsel filed a 2 ¼ page "Memorandum in Opposition" to Plaintiff's motion for attorney's fees and costs. *See* Defendants' Memorandum in Opposition to Plaintiff's Motion for Attorney's Fees and Costs ("Defs.' Mem.") [DE 104]. Within the sparse argument advanced by Defendants, counsel states that the timesheets submitted by Plaintiff "are replete with excessive time for minor tasks." Defs.' Mem. at 2. By way of example, counsel states the following:

> [i]n addition, the billing records reflect that Plaintiff's counsel spent 3 ½ hours to file the Complaint, Summons and Civil Cover sheet on December 30, 2015. On May 6, 2016, Plaintiff's counsel spent 18 minutes reviewing calendar deadlines, which the parties had previously conferred and agreed to. On August 16, 2016, Plaintiff's counsel spent 12 minutes to file a motion for a settlement conference.

*Id*. The Court finds that there is some limited merit to the arguments asserted here. Oddly enough, in Attorney John Troy's time entries for December 30, 2015, there is an entry entitled "finalize the Complaint, Summons & Civil Cover Sheet USDC" for which .9 hours were billed. Directly below that entry, there is another entry on December 30, 2015 attributing 3.5 hours billed by Attorney Troy for "File [1] COMPLAINT, Summons & Civil Cover Sheet USDC." Since the pleadings here had to be electronically filed, the Court finds that 3.5 hours of time for what is essentially an administrative task is not reasonable. Likewise, there is a 1.8 hour entry for January 15, 2016 by Attorney Troy for "Draft, Print and Mail Notice of Lawsuit and Request for Waiver of Service of Summons." These are essentially paralegal-type/administrative tasks

which were being billed by the principal of the firm at $450 per hour – a practice which the Court finds not within reason. Other similar tasks appear as items billed by Attorney Troy (*e.g.*, "file second motion to adjourn conference" (.2); "calendar deadlines" (.3); "two copies AO399 Waiver of Service Form to each Def" (1.10); "ECF Waivers of Service" (.4); "File [29] Proposed scheduling order" (.2); File [49] STIPULATION of confidentiality" (.3); "Schedule Tele Conf with OC to discuss Settle" (.8). This is by no means an exhaustive list. *See* DE 102-1.

Where counsel seeks compensation for time spent completing administrative tasks or work that should have been accomplished by a less-skilled practitioner, "[u]niform percentage cutbacks are warranted." *De La Paz v. Rubin & Rothman,* LLC, No. 11 Civ. 9625, 2013 WL 6184425, at *4 (S.D.N.Y. Nov. 25, 2013); *see Div. 1181 Amalgamated Tr. Union-New York Employees Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 620 (E.D.N.Y. 2017) (based on the content of some time entries, court found 10% reduction in the number of hours claimed was reasonable); *Chavez v. MCS Claim Services, Inc.*, 2016 WL 1171586, at *5 (E.D.N.Y. March 23, 2016) (reducing total hours by 30 percent since "much of the work in this case could have been conducted by a less experienced associate billing at a significantly lower rate" and because "some of the work appears to be duplicative of work conducted in other similar FDCPA cases handled by the same counsel"); *Barshay v. Specified Credit Associates I, Inc.*, 2016 WL 3578993, at *4 (E.D.N.Y. June, 3, 2016) (reducing total hours claimed in FDCPA action by 20 percent in light of the duplicative nature of the work, the fact that many of the tasks could have been accomplished by "a less experienced associate"). Taking the above deficiencies into consideration and mindful that "the Court has 'discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from [Plaintiff's] fee application,'" *Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, 188

F. Supp. 3d 333, 344 (S.D.N.Y. 2016) (quoting *Beastie Boys v. Monster Energy Co.,* 112 F. Supp. 3d 31, 57 (S.D.N.Y. 2015), the Court finds that a 15% across-the-board reduction in the total hours claimed by Attorney Troy is warranted here.

However, having reviewed the billing records of Associate Attorneys Byun and Schweitzer, the Court finds that the hours expended by these two attorneys are reasonable. Accordingly, the Court awards Plaintiff **$58,811.00** in attorney's fees in accordance with the following table:

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| John Troy | $375 | 97.6 - 15% = 83 | $31,125.00 |
| Byun | $160 | 64.1 | $10,256.00 |
| Aaron Schweitzer | $150 | 116.2 | $17,430.00 |
| | | | **Total: $58,811.00** |

### 3.  *Costs*

Courts typically award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir. 1987); *Sheet Metal Workers Nat'l Pension Fund v. Evans*, No. 12 Civ. 3049, 2014 WL 2600095, at *11 (E.D.N.Y. Jun. 11, 2014). However, it is incumbent upon the party seeking reimbursement of its costs to provide the court adequate substantiation in the form of receipts and other documents showing such costs were incurred. *See Lee v. Santiago*, No. 12 CIV. 2558, 2013 WL 4830951, at *5 (S.D.N.Y. Sept. 10, 2013) ("[I]t is [ ] the requesting party's burden to support its application, and this means that the

requested costs must be substantiated . . . A mere assertion that a certain cost was incurred, though, is insufficient, where such an assertion is made in a conclusory fashion in a brief or bill of costs, without a supporting affidavit, declaration, or documentation."); *Volpe v. Nassau Cty.*, No. 12 CV 2416, 2016 WL 6238525, at *10 (E.D.N.Y. Oct. 24, 2016) ("The fee applicant bears the burden of adequately documenting and itemizing the costs requested.") (internal quotation omitted).

Both the FLSA and the NYLL provide for an award of costs. *Fermin*, 93 F.Supp.3d at 52 (citing 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(4)). Here, Plaintiff seeks $3,693.54 in costs. Troy Decl., Ex. 1 at 13-14. The record shows that the costs include filing fees, interpreter fees, deposition transcript fees, printing and postage, and travel expenses (mileage to and from the federal courthouse in Central Islip). These expenses are itemized and detailed in the "Expense Description" of Plaintiff's billing records. *Id.* Since these costs for which Plaintiff seeks recovery are documented and otherwise reasonable, the Court awards the Plaintiff costs in the amount of **$3,693.54**.

V. <span>**C**ONCLUSION</span>

For the foregoing reasons, the Court awards Plaintiff liquidated damages in the sum of $90,377.03. Further, Plaintiff's motion for attorney's fees and costs is GRANTED. The Court awards Plaintiff $58,811.00 in attorneys' fees and $3,693.54 in costs.

The Clerk of the Court is directed to enter judgment in favor of the Plaintiff, taking into account the Jury's verdict as well as the liquidated damages, attorney's fees and costs awarded pursuant to this Memorandum and Order. The Clerk's Office is further directed to close this case.

**SO ORDERED.**


Dated: Central Islip, New York
      September 30, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge